18 PEOPLE ex rel. PRATT INSTITUTE *v.* ASSESSORS.

SECOND DEPARTMENT, DECEMBER TERM, 1893.          [Vol. 74.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE PRATT INSTI-
TUTE, Respondent, *v.* THE BOARD OF ASSESSORS OF THE CITY OF
BROOKLYN, Appellant.

*Exemption from " local taxation" — the Pratt Institute.*

The effect of the provision of section 10 of chapter 398 of the Laws of 1887, that
the property of the Pratt Institute in the city of Brooklyn " shall not be sub-
ject to local taxation," is to confer an exemption only from taxation for city
purposes, and not from county taxation. (BARNARD, P. J., dissenting.)

APPEAL by the defendant, The Board of Assessors of the City of
Brooklyn, from an order of the Supreme Court, made at the Kings
County Special Term and entered in the office of the clerk of Kings
county on the 26th day of July, 1893, granting the motion of the
relator, the Pratt Institute, for the issuance of a writ of mandamus
commanding the defendant to cancel all taxes upon property of the
relator in the city of Brooklyn for the year 1892, except the tax for
State purposes.

The board of assessors claimed that county taxes, that is, taxes for
county purposes, did not come under the head of " local taxation,"
and assessed the relator's property for such taxes.

Section 10 of chapter 398 of the Laws of 1887, entitled "An act
to incorporate Pratt Institute in the city of Brooklyn," is as follows :
" For the uses and purposes aforesaid the said corporation is author-
ized to take by grant, devise, bequest, gift or otherwise, and to hold,
lease, sell and convey any real and personal property, and to erect
all necessary and suitable buildings, and any property in the city of
Brooklyn actually occupied and used for the purposes aforesaid, or the
revenues of which are exclusively devoted to the purpose aforesaid,
shall not be subject to local taxation ; but this exemption shall not
apply to any property in excess of the value of three million of dollars."

*Almet F. Jenks,* for the appellant.

*Johnson & Lamb,* for the respondent.

PRATT, J. :

The act of 1887 states that property of the relator in the city
of Brooklyn shall be exempt from local taxation. We think that

by "local taxation" the Legislature intended taxation for city purposes.

The "locality" referred to was the city of Brooklyn; no other "locality" was spoken of, and, so far as we can see, none other was considered.

The appellant correctly argues that special statutes conferring immunities should be strictly construed, and if the Legislature had intended that the relator should be subject to no taxation except for State purposes it could easily have said so.

Order of Special Term reversed, with costs.

DYKMAN, J., concurred.

BARNARD, P. J. (dissenting):

By chapter 398, Laws of 1887, the relator's property is declared not to be "subject to local taxation," unless it exceeds $3,000,000 in value. The property of the Pratt Institute is less than this sum, and the court at Special Term held that local taxation included taxation for city and county purposes. The distinction between State and local taxation is fully recognized in statute and by judicial decision. All taxation is local which is not of common benefit to all the people of the State. It is entirely immaterial whether or not the property is in the city. The Legislature could have exempted it from taxation for all purposes, State and local. An exemption from local taxation only exempts the same from the general State tax and excludes taxation for city and county purposes.

The judgment should be affirmed, with fifty dollars costs.

Order granting mandamus reversed, with costs and disbursements, and motion denied, with costs.